FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAY 11 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **Aisha Williams, individually and on behalf of I.W., a minor, Plaintiff,** <br><br> **v.** <br><br> **COBB COUNTY SCHOOL DISTRICT, Defendant.** | ( ( ( ( ( ( ( ( ( ( | **Civil Action No.** 1:26-CV-2623 |

## COMPLAINT FOR REVIEW OF ADMINISTRATIVE DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

Plaintiff Aisha Williams, individually and on behalf of minor student I.W., files this civil action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., seeking review of the Administrative Law Judge's Final Decision issued in OSAH Docket No. 2614437-OSAH-DOE-SE-33-Woodard.

## I. JURISDICTION AND VENUE

1. This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(2)(A) and 28 U.S.C. § 1331.
3. Venue is proper in the Northern District of Georgia because the events giving rise to this action occurred within this District.

## II. PARTIES

4. Plaintiff Aisha Williams is the parent of I.W., a minor child eligible for protections and services under IDEA.
5. Defendant Cobb County School District is a local educational agency located at 514 Glover St., Marietta, GA 30060, responsible for providing I.W. a Free Appropriate Public Education ("FAPE") under IDEA.

## III. PROCEDURAL HISTORY

6. Plaintiff initiated an IDEA due process proceeding challenging Defendant's provision of special education services, evaluations, IEP development, transition planning, procedural compliance, and removal of educational supports for I.W.
7. Following administrative proceedings before the Georgia Office of State Administrative Hearings ("OSAH"), the Administrative Law Judge issued a Final Decision dated April 9, 2026 ("Final Decision"), attached hereto as

Exhibit A, finding that procedural violations occurred but concluding that Defendant did not deny I.W. a FAPE.

8. Plaintiff timely seeks judicial review of that Final Decision pursuant to 20 U.S.C. § 1415(i)(2).

## IV. FACTUAL ALLEGATIONS

9. I.W. is a student with documented ADHD-, Autism-, executive-functioning, writing, organizational, and academic support needs.

10. Prior to IDEA eligibility, I.W. received accommodations and supports through a Section 504 Plan, including assignment check-ins, organizational supports, and extended time accommodations.

11. In March 2024, Defendant developed I.W.'s initial IDEA IEP containing goals and supports targeting writing, math reasoning, assignment completion, executive functioning, and organizational deficits.

12. The March 2024 IEP included collaborative and consultative support services in written expression and related academic areas.

13. During March and April 2025 IEP meetings, Defendant removed writing supports and assignment-completion goals over Plaintiff's objections.

14. Plaintiff repeatedly raised concerns regarding executive functioning, regression risk, writing deficits, assignment completion difficulties, transition planning deficiencies, and the absence of sufficient data supporting removal of services.
15. The Administrative Law Judge acknowledged that procedural violations occurred, including the absence of a qualifying special education teacher during IEP meetings.
16. The Administrative Law Judge acknowledged evidence that, following removal of supports, I.W. later demonstrated renewed difficulties with writing and assignment completion, including reports that he was failing classes due to missing assignments during the 2025-2026 school year.
17. Plaintiff contends that Defendant removed educational supports without sufficient objective data demonstrating that I.W. had developed independent functioning in the affected skill areas.
18. Plaintiff further contends that Defendant relied heavily upon generalized observations while removing supports tied directly to I.W.'s documented disability-related needs.
19. Plaintiff further contends that Defendant lacked sufficient objective documentation demonstrating the consistent implementation and monitoring

of I.W.'s consultative and support services prior to reducing or removing those supports, and relied upon limited progress-monitoring data despite the significance of the educational supports being removed.

20. Plaintiff further contends that portions of the administrative findings relied upon generalized or revised staff characterizations that conflicted with testimony and evidence presented concerning I.W.'s ongoing disability-related educational difficulties and support needs.

21. Plaintiff alleges that the Administrative Law Judge improperly minimized the substantive impact of acknowledged procedural violations and improperly concluded that no denial of educational benefit occurred despite documented regression.

22. Plaintiff further alleges that the Administrative Law Judge improperly relied upon later IEP amendments and proposed supports as sufficient remediation despite evidence that the underlying academic and executive functioning difficulties remained unresolved.

23. Plaintiff additionally alleges that Defendant failed to adequately evaluate and address all suspected areas of disability, including ADHD-related executive functioning deficits and autism-related concerns raised throughout the administrative proceedings.

24. Plaintiff further contends that the Administrative Law Judge improperly concluded that issues concerning virtual-setting evaluation limitations and transition-service deficiencies were not raised in the underlying due process complaint, despite allegations addressing those issues throughout the administrative proceedings.

25. Plaintiff contends that procedural violations materially interfered with informed educational decision-making and meaningful parental participation throughout the relevant period. Defendant's failures concerning records access, procedural compliance, and educational data transparency materially impaired Plaintiff's ability to meaningfully participate in educational planning and informed decision-making concerning I.W.'s services and supports.

26. Plaintiff further reserves the right to rely upon additional facts, testimony, exhibits, procedural deficiencies, and administrative record evidence supporting the claims asserted herein as reflected throughout the underlying IDEA proceedings.

## V. CLAIMS FOR RELIEF

## COUNT I

### Denial of FAPE Under IDEA

27. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

28. Defendant denied I.W. a FAPE by removing educational supports and services without sufficient evidence demonstrating that such supports were no longer necessary for I.W. to make appropriate progress in light of his circumstances.

29. Defendant improperly relied upon generalized academic advancement and passing performance indicators despite continuing disability-related deficits in executive functioning, writing, math, organization, and assignment completion. Plaintiff contends that the removal of supports was not reasonably calculated to enable I.W. to make meaningful academic and functional progress in light of his unique circumstances, consistent with the standards articulated in Endrew F. v. Douglas County School District RE-1, 580 U.S. 386 (2017), which declined to hold that grade advancement alone automatically establishes the provision of a FAPE.

30. The Administrative Law Judge erred in concluding that the removal of supports and resulting academic decline did not amount to a denial of educational benefit.

## COUNT II

**Procedural Violations Resulting in Substantive Harm**

31. Plaintiff incorporates all prior paragraphs as if fully set forth herein.
32. The Administrative Law Judge acknowledged multiple procedural violations, including improper IEP team composition.
33. Plaintiff contends that these procedural violations materially interfered with educational decision-making and contributed to the improper removal of disability-related supports.
34. Plaintiff further contends that the Administrative Law Judge erred by minimizing the educational impact of these violations despite evidence of subsequent regression and renewed academic difficulties.

## COUNT III

**Failure to Adequately Evaluate and Address Disability-Related Needs**

35. Plaintiff incorporates all prior paragraphs as if fully set forth herein.
36. Defendant failed to adequately evaluate and address all suspected areas of disability affecting I.W.'s educational functioning.
37. Plaintiff contends that the Administrative Law Judge improperly minimized evidence concerning executive functioning deficits, organizational

impairments, writing-related weaknesses, and other disability-related educational needs.

**COUNT IV**

**Transition Planning Deficiencies**

38. Plaintiff incorporates all prior paragraphs as if fully set forth herein.
39. Defendant failed to provide transition services and planning reasonably calculated to prepare I.W. for postsecondary education, employment, and independent living as required under IDEA.
40. Plaintiff contends that the Administrative Law Judge improperly minimized deficiencies in transition planning and implementation.

**VI. REQUEST FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Reverse, in whole or in part, the Administrative Law Judge's Final Decision;

B. Find that Defendant denied I.W. a Free Appropriate Public Education under IDEA;

C. Award compensatory educational and transition-related services sufficient to remedy the loss of educational benefit resulting from Defendant's actions, including services addressing writing, executive functioning, organizational support, transition preparation, and related deficits reflected in the administrative record and supporting documentation. Such relief should be reasonably accessible and usable for Plaintiff's benefit without arbitrary limitation, and may include independent or privately obtained educational services where appropriate to fully remedy the denial of FAPE;

D. Award such equitable, declaratory, compensatory, and additional relief as the Court deems just and proper under IDEA and applicable law;

E. Award costs and attorney's fees to the extent permitted by law should counsel later appear in this matter.

Respectfully submitted May 11th 2026,

Aisha Williams, Pro Se
990 Ellison Ct. Austell, GA 30168
(678) 331-7627
aishawilliams2@yahoo.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that the foregoing was prepared with Times New Roman 14 point font, which is one of the font and point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 11th day of May, 2026.

*(Signature)* Aisha Williams

Aisha Williams, Pro Se
990 Ellison Ct. Austell, GA 30168
(678) 331-7627
aishawilliams2@yahoo.com